**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chunyhe Lee, ) | No. CV 10-8135-PCT-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| State of Arizona; Northern Arizona ) | |
| University; and Arizona Board of Regents, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Pending before the Court is the Motion for Judgment on the Pleadings (Dkt. 25) filed by Defendants State of Arizona, Northern Arizona University ("NAU"), and the Arizona Board of Regents ("ABOR"). The motion is fully briefed, and the Court rules as follows.

**I.    BACKGROUND**

Plaintiff is a Korean-American female, who was born in 1939. (Dkt. 13 at ¶ 1.) The allegations in the Complaint concern Plaintiff's employment as an Associate Professor at NAU. (*Id.*) As noted above, for purposes of the motion, all factual allegations in the Complaint are accepted as true and construed in favor of Plaintiff.

Plaintiff was employed by NAU in 1972 as an Assistant Professor, and in 1978, she was given tenure and promoted to Associate Professor of Chemistry of Food and Nutritional Sciences in the College of Health Professions at NAU. (*Id.* ¶ 12.) Plaintiff was the

1  Academic Chair/Director of Applied Chemistry and Nutrition Sciences ("ACNS") for more
2  than 30 years. (*Id.*) Plaintiff's title of Academic Program Director of ACNS was approved
3  by Dean Patton in October 2005. (*Id.* ¶ 17.)

4  Between 2001 and 2005, four Caucasian Associate Professors within NAU's College
5  of Health and Human Services received promotions to full Professor without being required
6  to be "highly meritorious" in both teaching and scholarship. (*Id.* ¶ 27.)

7  Plaintiff applied for a promotion to the position of full Professor in September 2006.
8  (*Id.* ¶ 13.) Plaintiff's application was not initially considered by a Faculty Status Committee,
9  because Plaintiff was the only faculty member of ACNS. (*Id.* ¶ 34.) When an applicant for
10 professorship was younger than Plaintiff, a Faculty Status Committee was formed of faculty
11 members from academic domains similar to the applicant's academic domain. (*Id.*) Plaintiff
12 was only allowed one level of faculty consideration, and there was no Faculty Status
13 Committee to review the promotion recommendation. (*Id.*) Plaintiff's application was
14 denied on March 24, 2008. (*Id.* ¶ 13.) Plaintiff was denied the promotion, because she was
15 not rated "highly meritorious" in both teaching and scholarship. (*Id.* ¶ 27.)

16 Shortly after the denial of Plaintiff's application for full professorship, Plaintiff filed
17 a lawsuit in the Superior Court for Coconino County seeking an administrative review of the
18 May 24, 2008 denial. (Dkt. 25-1, Ex. 1.) In addition to the claim for violation of due process
19 in the consideration and denial of Plaintiff's application, Plaintiff also asserted a claim for
20 race and age discrimination. (Dkt. 13 at ¶¶ 14–17.) The Superior Court dismissed the action
21 with prejudice, because Plaintiff failed to file her opening brief before the deadline. (Dkt.
22 25-1, Ex. 2.)

23 On or about May 27, 2008, Plaintiff sent an email to Executive Dean Leslie Schulz
24 raising concerns about Dean Schulz's academic credentials, and objecting to a change in
25 Plaintiff's reporting structure. (Dkt. 13 at ¶ 15.) On or about November 13, 2008 and
26 December 15, 2008, Plaintiff informed Dean Schulz that she had been diagnosed with
27 depression and sleep disorder. (*Id.* ¶ 41.) On or about January 7, 2009, Dean Schulz sent a
28 memorandum to Plaintiff regarding Plaintiff's title as Academic Director of ACNS. (*Id.* ¶

1  16; Dkt. 13-1, Ex. B.)  The memorandum advised Plaintiff that she did not have the
2  responsibility or authority to hire, terminate, evaluate or supervise part-time faculty. (*Id.*)
3        On July 20, 2009, Plaintiff filed an EEOC Charge of Discrimination with the Civil
4  Rights Division of the Arizona Attorney General's Office alleging discrimination and
5  retaliation on the basis of her race, color, sex, national origin, age and disability.  (*Id.* ¶ 18;
6  Dkt. 13-1, Ex. E.)  The EEOC charge alleges that Plaintiff was denied promotion to the
7  position of full Professor for discriminatory reasons.  (*Id.*)
8        On March 24, 2010, NAU President John Haeger sent a letter to Plaintiff informing
9  her that NAU was placing her on leave with pay due to allegations that Plaintiff "may have
10 engaged in conduct that is in violation of the ABOR and Northern Arizona University
11 Conditions of Faculty Service and/or codes of conduct." (Dkt. 13 at ¶ 19; Dkt 13-1, Ex. F.)
12 Plaintiff believes her placement on leave was in retaliation for filing the EEOC charge. (Dkt.
13 13 at ¶ 19.)  On April 14, 2010, Plaintiff received two letters from NAU.  (Dkt. 13 at ¶¶
14 21–22.)  The first letter, from President Haeger, informed Plaintiff that an investigation into
15 Plaintiff's conduct had led to the recommendation of her dismissal.  (*Id.* ¶ 21; Dkt. 13-1, Ex.
16 H.)  The second letter, from Denise Muesch, an Associate Dean of the College of Heath and
17 Human Services, attached the "Statement of Charges in Support of Recommendation for
18 Dismissal of Dr. Chunhye K. Lee."  (Dkt. 13 at ¶ 21; Dkt. 13-1, Ex. I.)
19       On April 21, 2010, the EEOC issued a "Notice of Right to Sue" letter to Plaintiff in
20 connection with her July 20, 2009 charge.  (*Id.* ¶ 20; Dkt. 13-1, Ex. G.)  On July 26, 2010,
21 Plaintiff filed a complaint in the District Court (Dkt. 1), which complaint was subsequently
22 amended on November 13, 2010 (Dkt. 13).  Shortly thereafter, Plaintiff's counsel withdrew
23 as counsel of record for Plaintiff.  (Dkt. 16.)
24       Plaintiff's First Amended Complaint (referred to herein as "the Complaint") sets forth
25 six causes of action.  Count One of the Complaint is brought under Title VII of the Civil
26 Rights Action of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and alleges that Plaintiff was
27 denied a promotion on the basis of race, gender and national origin.  As a result of this
28 alleged discrimination, Plaintiff was damaged by, among other things, being removed from

her teaching position and being barred from entering the NAU campus. (Dkt. 13 at ¶¶ 24–30.) Count Two of the Complaint is brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and alleges that Plaintiff experienced unfair and inconsistent treatment in comparison to younger employees who were also applying for a promotion to full Professor. As a result of this alleged discrimination, Plaintiff was damaged by, among other things, being removed from her teaching position and being barred from entering the NAU campus. (*Id.* ¶¶ 31–37.) Count Three of the Complaint is purportedly brought under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and alleges that Plaintiff has experienced unfair and inconsistent treatment in comparison to Defendants' employees who do not have a psychological impairment. As a result of this alleged discrimination, Plaintiff was damaged by, among other things, being removed from her teaching position and being barred from entering the NAU campus. (*Id.* ¶¶ 38–45.) Count Four of the Complaint alleges that, as a result of retaliatory actions taken against Plaintiff between December 17, 2007 and December 17, 2008 in violation of Title VII, the ADEA and the ADA, Plaintiff was damaged by, among other things, being removed from her teaching position and being barred from entering the NAU campus. (*Id.* ¶¶ 46–61.) Count Five of the Complaint is brought under Arizona's "whistleblower" statute, A.R.S. § 38-532. Plaintiff alleges that as a result of her May 27, 2008 email to Dean Schulz, Defendants have retaliated against Plaintiff by placing her on leave and instigating an investigation of Plaintiff that ultimately led to her dismissal. (*Id.* ¶¶ 62–66.) Count Six of the Complaint alleges that Defendants violated Plaintiff's due process rights under the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1985(3),[1] by denying

---

[1] "Section 1983 provides a federal remedy for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.' As the language of the statute plainly indicates, the remedy encompasses violations of federal statutory as well as constitutional rights." *Golden State Transit v. Los Angeles*, 493 U.S. 103, 105 (1989) (quoting 42 U.S.C. § 1983). Whereas, Section 1985 concerns conspiracies to interfere with civil rights, including a conspiracy to deprive a person of the equal protection of the laws or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3).

Plaintiff's application for a promotion, and by dismissing Plaintiff from her employment. (*Id.* ¶¶ 69–77.)

## II.     LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). The Court must construe all factual allegations in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as a motion for summary judgment pursuant to Rule 56. Fed.R.Civ.P. 12(d). However, the Court may consider facts that are contained in materials of which the court may take judicial notice. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The Court may look beyond the complaint to matters of public record, and may take judicial notice of the records and reports of administrative bodies. *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Additionally, the Court may consider documents attached to the Complaint or referred to in the Complaint, provided that the document's authenticity is not questioned by the parties. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

To the extent that a motion for judgment on the pleadings raises the defense of failure to state a claim, the Court applies the Rule 12(b)(6) standard. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must satisfy the pleading requirements of Rule 8. Although a

complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III. ANALYSIS

Defendants have moved for judgment on the pleadings on the grounds of sovereign immunity, statute of limitations, res judicata, and failure to state a claim upon which relief can be granted.

### A. Procedural Defect in Plaintiff's Response

As an initial matter, Plaintiff's Response to the Motion for Judgment on the Pleadings (Dkt. 33) was not properly executed and filed by Plaintiff, who at the time of filing the response, was representing herself in this action. Section II.B.3 of the Electronic Case Filing Administrative Policies and Procedures Manual for the District of Arizona[2] requires pro se parties to submit all documents for filing to the Clerk's Office in legible, paper form, and the Clerk's Office will scan and electronically file the document. A pro se party must seek leave of the Court to electronically file documents by filing a motion and demonstrating equipment and software capabilities. Plaintiff is currently pro se, and has not requested leave from the Court to file documents electronically. Plaintiff must file documents consistent with the

---

[2] The Policies and Procedures Manual is available at http://156.131.140.252/azd/cm-ecf.nsf/files/$file/adm+manual.pdf.

- 6 -

manner required of pro se parties. Therefore, unless Plaintiff obtains leave to file electronically as an ECF registered user in the manner set forth in the Policies and Procedures Manual, the Court will not accept future electronic filings from Plaintiff.

Rule 11(a) of the Federal Rules of Civil Procedure requires the Court to strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. Fed.R.Civ.P. 11(a). After Defendants raised the signature and electronic filing issues in their reply brief, Plaintiff attempted to correct the signature issue by refiling her response. (Dkt. 35.) However, in refiling her response, Plaintiff continues to run afoul of the electronic filing requirements in the Policies and Procedures Manual. Plaintiff cannot electronically file documents through her former attorney's ECF registration. Although the Court will accept Plaintiff's response (Dkt. 33), Plaintiff is advised that the Court will strike any future violations of the Policies and Procedures Manual.

**B.  Sovereign Immunity**

Under the Eleventh Amendment, an unconsenting State or its agencies or departments is immune from suits brought in federal courts by her own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* NAU and ABOR are arms of the State of Arizona, and can properly lay claim to sovereign immunity. *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349–50 (9th Cir. 1981). Therefore, unless Defendants waive their immunity or Congress validly abrogates their immunity, the Eleventh Amendment bars Plaintiff's suit.

Defendants have asserted the defense of sovereign immunity to Plaintiff's claims arising under the ADEA, the ADA, Arizona's whistleblower statute, and 42 U.S.C. §§ 1983 and 1985. Plaintiff argues that sovereign immunity does not apply, and requests the Court grant her leave to amend her Complaint to name individual defendants. In response to Defendants' motion, Plaintiff relies on A.R.S. § 15-1625, which provides that ABOR has the power to sue or be sued, as a waiver of sovereign immunity. However, Defendants do "not consent to suit in federal court merely by stating its intention to 'sue or be sued.'" *College*

1 *Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999).

### *1.      Sovereign Immunity Bars Claims Under the ADEA*

With respect to Plaintiff's claims under the ADEA, the Supreme Court has held "that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals. State employees are protected by state age discrimination statutes." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000); *see Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 533 (2002). Therefore, Plaintiff's claims under the ADEA are barred by immunity under the Eleventh Amendment. Plaintiff's claims against Defendants for alleged age-related discrimination are more properly brought under Arizona law. *See* A.R.S. § 41-1463.

### *2.      Sovereign Immunity Bars Claims Under Title I of the ADA*

The parties do not discuss the difference between Plaintiff's ADA claim, which is purportedly asserted under Title II of the ADA (Dkt. 1-1 at ¶ 39), and Supreme Court precedent concerning Title I of the ADA. The Supreme Court has held that pursuant to Fourteenth Amendment law, Title I of the ADA does not apply to the States. *Garrett*, 531 U.S. at 374. However, in a subsequent case, the Supreme Court held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 141, 159 (2006).

Title I of the ADA concerns employment discrimination, and provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees . . . ." 42 U.S.C. § 12112(a). Whereas, Title II of the ADA, which concerns the provision of public services, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." *Id.* § 12132.

Contrary to Plaintiff's designation of Count Three as a claim for violation of Title II

- 8 -

1 of the ADA, the allegations of the Complaint state a claim for discrimination under Title I
2 of the ADA. Count Three alleges discrimination in connection with Defendants'
3 employment of Plaintiff, and not in connection with public services provided by Defendants
4 to Plaintiff. (Dkt. 13 at ¶¶ 42–43.) The Court does not find that Plaintiff has stated a claim
5 for discrimination pursuant to Title II of the ADA; therefore, the abrogation of state
6 sovereign immunity with respect to Title II claims is inapplicable.[3] Because Plaintiff's
7 claims of discrimination arise under Title I of the ADA, Defendants are immune from suit
8 under the Eleventh Amendment.

*3.  Sovereign Immunity Bars the State Law Whistleblower Claim*

10 Defendants assert that because states also have sovereign immunity for claims based
11 on state law, Plaintiff's whistleblower claim is barred. Plaintiff responds that she has chosen
12 the District Court as the "outside agency" to make a final decision on her whistleblower
13 claim, as provided for in NAU's Whistleblower Policy 5.18 (Dkt. 25-2, Ex. 4); therefore,
14 sovereign immunity does not apply. However, Plaintiff misreads the policy. The policy
15 provides that a complainant who is dissatisfied with a university officer's decision on the
16 whistleblower complaint may file a request for a hearing, and the hearing will be conducted
17 by the American Arbitration Association. (Dkt. 25-2, Ex. 4 at ¶ E.) This is the "outside
18 agency" reviewing procedure that Plaintiff incorrectly relies upon in her response.

19 Plaintiff's "state law claims are barred by the Eleventh Amendment, which precludes
20 the adjudication of pendent state law claims against nonconsenting state defendants in federal

---

[3] To state a claim under Title II of the ADA,
the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Simmons v. Navajo County*, 609 F.3d 1011 (9th Cir. 2010) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)).

- 9 -

courts." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citations omitted); *see Stanley v. Tr. of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006). Defendants have not abrogated sovereign immunity with respect to Plaintiff's whistleblower claim in Count Five of the Complaint. Therefore, Plaintiff's claim is barred.

### 4. Sovereign Immunity Bars Section 1983 and 1985 Claims

Defendants finally argue that lawsuits against a state based on Section 1983 and 1985 claims are barred by Eleventh Amendment sovereign immunity. "[T]he Supreme Court has held that Section 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (citing *Pittman v. Or. Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007)). The Eleventh Amendment also bars Section 1985 claims brought against a state. *Cerrato v. S.F. Cmty. College Dist.*, 26 F.3d 968, 972, 976 (9th Cir. 1994). Accordingly, the Court finds that Defendants have not waived the Eleventh Amendment immunity with respect to Plaintiff's claims brought under 42 U.S.C. §§ 1983 and 1985(3).

### C. Statute of Limitations

Defendants next argue that Plaintiff's Title VII, ADEA and ADA claims are barred by the statute of limitations on the ground that both Plaintiff's EEOC charge, and this lawsuit were untimely filed.[4] Plaintiff disputes Defendants' calculation of time. The Court has already found that Plaintiff's claims under the ADEA and the ADA are barred by Eleventh Amendment immunity. The Court does note, however, that the statute of limitations periods for claims under the ADA and the ADEA are the same as those for claims under Title VII.[5]

---

[4] Defendants argue in their reply that Plaintiff's Section 1983 and 1985 claims are untimely. However, because Defendants failed to raise this argument in the Motion for Judgment on the Pleadings, the Court will not consider it. *Delgadillo v. Woodford*, 527 F.3d 919, 930 n. 4 (9th Cir. 2008) ("Arguments raised for the first time in a petitioner's reply brief are deemed waived.")

[5] Under the ADA, the enforcement procedures set forth in Title VII are provided to any person alleging discrimination on the basis of disability. 42 U.S.C. § 12117(a); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Similarly, under the ADEA,

- 10 -

Title VII requires a plaintiff to file a charge of discrimination with the EEOC within 300 days of the discriminatory conduct prior to bringing a claim.[6] 42 U.S.C. § 2000e-5(e). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Discreet discriminatory acts are not actionable if time-barred. *Id.* at 114–15. Therefore, Plaintiff can only file a charge to cover discrete acts that "occurred" within the appropriate time period. *See id.* at 114. Plaintiff alleges that she suffered from numerous discriminatory and retaliatory acts from December 17, 2007, the date the ACNS laboratory was closed (Dkt. 13 at ¶ 56), through April 14, 2010, the date she was dismissed from her employment (Dkt. 13 at ¶ 22). Based on the Court's review of the Complaint, it does not appear that Plaintiff has alleged that she was terminated in violation of Title VII. Regardless, only incidents raised in the EEOC charge are actionable.[7] *See Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir. 1981).

---

charges of age discrimination must be brought before the EEOC within 300 days after the unlawful practice occurred. 29 U.S.C. § 626(d)(1)(B).

[6] Because Arizona has a state agency, the Arizona Civil Rights Division, to enforce a law prohibiting employment discrimination, the 300-day limit, as opposed to the 180-day limit, in Title VII applies. *See* 42 U.S.C. § 2000e-5(e)(1).

[7] Plaintiff's employment was terminated on April 14, 2010 (Dkt. 13 at ¶ 22), after Plaintiff filed her charge for employment discrimination with the EEOC. Plaintiff's July 20, 2009 EEOC charge does not contain allegations relating to wrongful termination, and Plaintiff has not amended her EEOC charge to encompass events occurring after it was originally lodged. "[A] claimant's failure to amend his charge to include a new claim is essentially the same as a claimant's failure to file an EEOC charge for the new claim." *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 387 (9th Cir. 1990). The EEOC was not given the opportunity to consider the issue of Plaintiff's termination before initiation of this action. "The failure to raise an issue administratively subverts the procedures and policies of Title VII and justifies precluding its presentation in federal court." *Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir. 1981). To the extent that Plaintiff may have asserted a claim for wrongful termination under Title VII, the ADA or the ADEA, the Court finds that Plaintiff has not exhausted her administrative remedies with respect to such claims.

1    Plaintiff first filed her charge with the appropriate state agency on July 20, 2009.[8]
2 (Dkt. 13 at ¶ 18; Dkt. 13-1, Ex. E.) Therefore, to the extent Plaintiff's discrimination claims
3 are based on discreet adverse employment actions that occurred prior to September 23, 2008,
4 which is 300 days before Plaintiff's EEOC charge was filed, those claims are time-barred.
5 *See Morgan*, 536 U.S. at 114.

6    Because Plaintiff's Title VII claim in Count One concerns Defendants' decision not
7 to promote Plaintiff to full Professor, which decision was made on March 24, 2008 (Dkt. 13
8 at ¶ 14), Plaintiff was required to file a charge before the EEOC within 300 days of the
9 denial. Plaintiff did not file an EEOC charge within 300 days after the alleged discriminatory
10 action; therefore, Plaintiff's claim for discrimination in Count One is barred by the statute
11 of limitations. With respect to Plaintiff's retaliation claim in Count Four, Plaintiff alleges
12 discriminatory actions taken on account of Plaintiff's race or national origin as late as August
13 2008. (*Id.* ¶ 58). However, this alleged discriminatory conduct did not occur within 300
14 days of Plaintiff's EEOC charge.

15    Plaintiff argues that the 300-day filing period did not begin to toll until September 29,
16 2008, when the Superior Court dismissed Plaintiff's earlier lawsuit. However, Plaintiff has
17 cited no authority for the proposition that the limitations period for filing an EEOC charge
18 is tolled during the reconsideration process for the denial of a promotion. Contrary to
19 Plaintiff's argument, the Supreme Court has held that neither the entertainment of a
20 grievance, nor the pendency of a grievance, tolls the statute of limitations for filing a Title
21 VII charge with the EEOC. *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980)
22 ("[T]he pendency of a grievance, or some other method of collateral review of an
23 employment decision, does not toll the running of the limitations periods.") (citing *Elec.*
24 *Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976)); *see Daviton v. Columbia/HCA*
25 *Healthcare Corp.*, 241 F.3d 1131, 1141 n.11 (9th Cir. 2001).

---

27    [8] In her response, Plaintiff contends that she filed a complaint with the EEOC on
April 15, 2009. (Dkt. 33 at p. 5.) However, the Complaint does not contain any allegations
28 relating to such filing.

Even though Plaintiff's claim is untimely due to the failure to file a charge with the EEOC within 300 days of the alleged discriminatory actions, Defendants also argue that Plaintiff failed to file this action within 90 days of receiving the Notice of Right to Sue letter from the EEOC. However, Plaintiff's counsel received the Notice of Right to Sue letter on April 26, 2010, and 90 days later filed this action on July 26, 2010. (Dkt. 33 at p. 2; Dkt. 33-5, Ex. 5.)

Based on the foregoing, Plaintiff's Title VII discrimination and retaliation claims in the Complaint are barred by the statute of limitations, because Plaintiff has not filed a charge of discrimination within 300 days of any allegedly discriminatory conduct.

**D.     Res Judicata**

Defendants argue that under the doctrine of res judicata, the adjudication of Plaintiff's failure-to-promote claims in the prior action before the Superior Court bars Plaintiff from re-litigating the same claims in this action. Plaintiff's prior complaint before the Superior Court contained allegations that NAU and ABOR violated Plaintiff's right to due process, and discriminated against Plaintiff on the basis of race and age in connection with her application for a promotion to full professorship. (Dkt. 25-1, Ex. 1.) The Superior Court dismissed the action with prejudice after Plaintiff failed to timely file her opening brief. (*Id.*, Ex. 2.)

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citations omitted). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

Plaintiff argues that the dismissal of the Superior Court action does not constitute a decision on the merits, and, therefore, does not bar a subsequent suit based on the same cause of action. Plaintiff's unsupported contention is incorrect. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41(b) of the Arizona Rules of Civil Procedure, a dismissal for failure to prosecute acts as judgment on the merits for purposes of res judicata. Fed.R.Civ.P. 41(b); Ariz.R.Civ.P. 41(b); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d

708, 714 (9th Cir. 2001); *Wolfinger v. Cheche*, 80 P.3d 783, 794 (Ariz. App. 2003). Accordingly, the Court finds that the dismissal of the Superior Court action constituted a decision on the merits with respect to Plaintiff's challenge to Defendants' denial of her application for promotion.

Plaintiff briefly notes that this action involves allegations of Title VII, the ADEA and the ADA violations, whereas the prior Superior Court action involved general allegations of race and age discrimination and due process violations. (Dkt. 33 at p. 6.) However, all of the claims asserted by Plaintiff in the Superior Court action arose in connection with the denial of her promotion to full Professor. "Res judicata (or claim preclusion) bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982)). Plaintiff's federal claims in this action clearly arise from the same nucleus of facts. *See Owens*, 244 F.3d at 714. Because the discrimination and due process claims in both the Superior Court action and this action are predicated on Defendants' decision to deny Plaintiff's application for promotion, Plaintiff would have to produce substantially the same evidence in both suits to sustain her claims. *Id.* The federal claims, with respect to the denial of the promotion, could have been asserted in the prior Superior Court action. Based on the foregoing, the Court concludes that Plaintiff's claims based on the denial of her promotion are barred by doctrine of res judicata.

Regardless of the preclusive effect of res judicata, the Court has already held that Plaintiff's discrimination and retaliation claims under the ADA and the ADEA, and claims of due process violations under 42 U.S.C. §§ 1983 and 1985 are barred by sovereign immunity, and Plaintiff's Title VII race discrimination and retaliation claims are barred by the statute of limitations. Therefore, the claims that Defendants argue are barred by res judicata are also barred on other grounds.

### E. Failure to State a Claim

In addition to the defects discussed above, Defendants also argue that Plaintiff's

- 14 -

whistleblower claim under A.R.S. § 38-532, and Plaintiff's Section 1983 and 1985(3) claims fail to state claims upon which relief can be granted.

### *1.     Whistleblower Statute Does Not Apply*

In addition to their sovereign immunity, Defendants also argue that Plaintiff's whistleblower claim is barred by A.R.S. § 38-533. Arizona's whistleblower statute prohibits an employer from taking reprisal against an employee for disclosing information to a public body that the employee believes evidences a violation of any law or an abuse of authority. A.R.S. § 38-532. However, the whistleblower provisions in A.R.S. § 38-532:

> do[] not apply to an employee or former employee of a state university or the board of regents which has in effect at the time a personnel action is taken against the employee a rule or provision for the protection of its employees from reprisal for the disclosure of information to a public body, except that the employee or former employee may appeal the final administrative decision to the superior court.

*Id.* § 38-533. Plaintiff is clearly an employee of a state university or the board of regents, who is claiming a personnel action was taken against her, namely her termination on April 14, 2010. Arizona's whistleblower protection under A.R.S. § 38-532 is inapplicable, because Defendants NAU and ABOR had in effect "a rule or provision for the protection of its employees from reprisal," in the form of Policy # 6-914 and Policy # 5.18. (Dkt. 25-2, Ex. 3–4.)

Defendants' whistleblower polices set forth administrative procedures for filing a whistleblower complaint, requesting a hearing, and seeking judicial review of a final administrative decision. (*Id.*) There are no allegations in the Complaint that Plaintiff has exhausted her administrative remedies by complying with the whistleblower complaint and hearing process detailed in Defendants' policies. Further, Plaintiff is not appealing a final administrative decision.

Plaintiff again argues that she has chosen the District Court as the "outside agency" to make a final decision on her whistleblower claim, as provided for in NAU's Whistleblower Policy 5.18. As discussed above, Plaintiff misreads the policy. According to Defendant NAU's policy, the "outside agency" that reviews whistleblower complaints is

- 15 -

the American Arbitration Association. (*Id.*, Ex. 4.) The policy does not provide that Plaintiff can pick an "outside agency" to hear her complaint. Plaintiff also relies on *Walters v. Maricopa County*, which held that A.R.S. § 38-532 gives an alternative, permissive remedy to a superior court action. 990 P.2d 677, 682 (Ariz. App. 1999). However, Plaintiff fails to take into account the effect of A.R.S. § 38-533 on Plaintiff's claim. Due to Plaintiff's failure to comply with Defendants' whistleblower policies, Plaintiff cannot state a claim under A.R.S. § 38-532.

### 2. *Defendants Are Not "Persons" Under 42 U.S.C. §§ 1983 and 1985*

Section 1983 creates a cause of action against any "person" who, under color of law, deprives another of federally protected rights. 42 U.S.C. § 1983. Section 1985 creates a cause of action against "persons" who engage in a conspiracy to deprive someone of federal rights. *Id.* § 1985(3). Defendants argue that because they are not "persons," Plaintiff fails to state a claim against them under 42 U.S.C. §§ 1983 and 1985.

The Supreme Court has held that the term "person" under Section 1983 does not include states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 69 (1989). Additionally, courts have held that the term "person" under Section 1985 has the same meaning as "person" under Section 1983. *E.g.*, *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1404 (N.D. Cal. 1997) (citing cases holding same). Plaintiff, tacitly acknowledging this defect, seeks leave to amend the Complaint to name individuals as defendants for purposes of her Section 1983 and 1985 claims.

Although the Court will permit Plaintiff leave to amend the Complaint, Plaintiff is cautioned that the statute of limitations for claims arising under Section 1983 is two years, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998), and the statute of limitations for claims arising under Section 1985(3) is one year, 42 U.S.C. § 1986. Therefore, unless the limitations period was tolled, claims based on the denial of Plaintiff's application for promotion are barred, because the denial occurred more than two years before the Complaint was filed.

### F. Amendment of Complaint

The Court should not grant judgment on the pleadings unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). Plaintiff has sought leave to amend the Complaint to name the appropriate individual defendants with respect to Count Six of the Complaint. (Dkt. 33 at p. 7.) Plaintiff has already amended the Complaint once as a matter of course. However, leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). The Court has not yet conducted a Rule 16 scheduling conference in this action; therefore, the deadline for filing a motion to amend the complaint has not elapsed. Because Plaintiff has alleged facts that might state a Section 1983 or 1985(3) claim regarding the denial of her promotion and the termination of her employment, the Court will give Plaintiff leave to amend, rather than grant judgment on the pleadings with respect to Count Six of the Complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that (1) under the Eleventh Amendment, Defendants are immune from suit with respect to Plaintiff's claims under the ADA, the ADEA, 42 U.S.C. §§ 1983 and 1985, and Arizona's whistleblower statute; (2) Plaintiff's Title VII claims are untimely; and (3) the doctrine of res judicata bars Plaintiff's discrimination and due process claims against Defendants concerning the denial of her promotion.

//
//
//
//
//
//
//
//

1  Accordingly,

2  **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings
3  (Dkt. 25) is **GRANTED** in part with respect to Counts One, Two, Three, Four and Five of
4  the First Amended Complaint, and **DENIED** in part with respect to Count Six of the First
5  Amended Complaint.

6  **IT IS FURTHER ORDERED** that Plaintiff may file and serve a second amended
7  complaint within 21 days of the date of this Order. If Plaintiff does not file and serve a
8  second amended complaint within 21 days, then the Clerk of the Court shall dismiss the case
9  and enter judgment for Defendants.

10  DATED this 29th day of June, 2011.

_____
James A. Teilborg
United States District Judge